AO 245D (Rev. 09/11) Judgment in a Criminal Case for Revocations
Sheet 1

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

DEC — 2012

LONG ISLAND OFFICE

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

UNITED STATES OF AMERICA
v.
STEVEN RUSH

**Judgment in a Criminal Case**
(For Revocation of Probation or Supervised Release)

Case No.   CR-04-0729-01 (ADS)
USM No.   68864-053

Gary Schoer, Esq. (CJA)/Richard Lunger, AUSA
Defendant's Attorney

**THE DEFENDANT:**

x admitted guilt to violation of condition(s) __ONE__ of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | NEW CRIMINAL CONDUCT: CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE-INTENT TO SELL, a grade A violation | |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

X The defendant has not violated condition(s) __2,3,4,5,6__ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: __9334__

Defendant's Year of Birth:   __1982__

City and State of Defendant's Residence:
INCARCERATED

December 7, 2012
Date of Imposition of Judgment

/s/ Arthur D. Spatt
Signature of Judge

Honorable Arthur D. Spatt, U.S.D.J.
Name and Title of Judge

December 27, 2012
Date

DEFENDANT: STEVEN RUSH
CASE NUMBER: CR-04-0729

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
TWENTY FOUR (24) MONTHS. THE DEFENDANT SHALL BE GIVEN CREDIT FOR TIME ALREADY SERVED ON THIS CHARGE FROM SEPTEMBER 7, 2012 TO THE PRESENT DATE.

X  The court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFENDANT RECEIVE MENTAL HEALTH TREATMENT AND SUBSTANCE ABUSE TREATMENT.

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
   ☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____ .
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

### RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: STEVEN RUSH
CASE NUMBER: CR-04-0729-01 (ADS)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
TWELVE (12) MONTHS.

     The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

     If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245D  (Rev. 09/11) Judgment in a Criminal Case for Revocations
Sheet 3A — Supervised Release

DEFENDANT: STEVEN RUSH
CASE NUMBER: CR-04-0729-01 (ADS)

## ADDITIONAL SUPERVISED RELEASE TERMS

1. THE DEFENDANT SHALL PARTICIPATE IN AN OUTPATIENT AND/OR INPATIENT DRUG TREATMENT OF DETOXIFICATION PROGRAM APPROVED BY THE PROBATION DEPARTMENT. THE DEFENDANT SHALL PAY THE COSTS OF SUCH TREATMENT/DETOXIFICATION TO THE DEGREE THAT HE IS REASONABLY ABLE, AND SHALL COOPERATE IN SECURING ANY THIRD PARTY PAYMENT, SUCH AS INSURANCE OR MEDICARE. THE DEFENDANT SHALL DISCLOSE ALL FINANCIAL INFORMATION AND DOCUMENTS TO THE PROBATION DEPARTMENT TO ASSESS HIS ABILITY TO PAY.

2. THE DEFENDANT SHALL NOT CONSUME ANY ALCOHOL OR OTHER INTOXICANTS DURING AND AFTER TREATMENT/DETOXIFICATION, UNLESS GRANTED A PRESCRIPTION BY A LICENSED PHYSICIAN AND PROOF OF SAME IS PROVIDED TO THE PROBATION DEPARTMENT.

3. THE DEFENDANT SHALL PARTICIPATE IN A MENTAL HEALTH TREATMENT PROGRAM PROVIDED BY THE PROBATION DEPARTMENT. THE DEFENDANT SHALL CONTRIBUTE TO THE COST OF SUCH SERVICES RENDERED AND/OR ANY PSYCHOTROPIC MEDICATIONS PRESCRIBED TO THE DEGREE THAT HE IS REASONABLE ABLE, AND SHALL COOPERATE IN SECURING ANY APPLICABLE THIRD PARTY PAYMENT. THE DEFENDANT SHALL DISCLOSE ALL FINANCIAL INFORMATION AND DOCUMENTS TO THE PROBATION DEPARTMENT TO ASSESS HIS ABILITY TO PAY.

4. THE DEFENDANT SHALL SUBMIT TO TESTING DURING AND AFTER TREATMENT TO ENSURE ABSTINENCE FROM DRUGS AND ALCOHOL.

5. THE DEFENDANT SHALL PARTICIPATE IN A VOCATIONAL TRAINING PROGRAM AND/OR SHALL MAINTAIN FULL-TIME, VERIFIABLE EMPLOYMENT, AS DIRECTED BY THE PROBATION DEPARTMENT.

5. THE DEFENDANT SHALL SUBMIT HIS PERSON, RESIDENCE, VEHICLE, AND ANY OTHER PREMISES UNDER HIS CONTROL TO A SEARCH UPON REASONABLE SUSPICION THAT CONTRABAND OR EVIDENCE OF A VIOLATION OF THE CONDITIONS OF SUPERVISED RELEASE MAY BE FOUND. THE SEARCH MUST BE CONDUCTED IN A REASONABLE MANNER AND AT A REASONABLE TIME. FAILURE TO SUBMIT TO A SEARCH MAY BE GROUNDS FOR REVOCATION. FURTHERMORE, THE DEFENDANT SHALL INFORM ANY OTHER RESIDENTS THAT THE PREMISES MAY BE SUBJECT TO A SEARCH PURSUANT TO THIS CONDITION.

6. THE DEFENDANT SHALL NOT ASSOCIATE WITH ANY MEMBER OR ASSOCIATE OF ANY STREET GANG, IN PERSON, BY MAIL, TELEPHONE, OR VIA ELECTRONIC COMMUNICATIONS, UNLESS GRANTED PERMISSION TO DO SO BY HIS PROBATION OFFICER. THE DEFENDANT SHALL NOT FREQUENT ANY ESTABLISHMENT, OR OTHER LOCALE, WHERE THE GROUPS MAY MEET, PURSUANT BUT NOT LIMITED TO, A PROHIBITION LIST PROVIDED BY THE PROBATION DEPARTMENT.